SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
JANE DOE,

                                                  Plaintiff,                  Index No.:
                                                                             23-cv-4910-ALC

        -against-

JOSHUA JACKSON, individually,
DEGUENE KEITA, individually,                              **MEMORANDUM OF LAW**
FATOUMATA KEITA a/k/a NAOMI KEITA,            **IN SUPPORT OF**
individually,                                                     **PLAINTIFF'S MOTION TO**
JEOFFREY JANVIER, individually and                  **PROCEED**
JOHN DOE, individually,                                    **ANONYMOUSLY**

                                               Defendants.
--------------------------------------------------------------------------X

1.      I, Seamus P. Barrett, Esq., an attorney with Derek Smith Law Group, PLLC, attorneys for Plaintiff am fully familiar with the facts of this matter.

2.      In accordance with this Court's order dated 6/14/23, Dkt. #6, Plaintiff hereby requests leave to proceed in this matter under the pseudonym "Jane Doe" or in the alternative to seal this case.

3.      Plaintiff respectfully submits this affirmation and memorandum in support of Plaintiff's request for leave to proceed anonymously as "Jane Doe" in the herein action.

4.      As described in the Complaint, this action involves egregious allegations of rape, sex trafficking, assault, robbery and numerous acts of criminal harassment and threats against the Plaintiff.[1] (See Complaint, Dkt. 1, ¶¶ 30-64, 69-102)

5.      The case of *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 188-191 (2d Cir. 2008) notes the fact that "Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which

---

[1] This case is not a sealed case, nor was it filed under seal, however at some point during this case it may be necessary to file specific documents under seal.

permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)." *Id.* The Court went on to "now set forth the standard governing the use of pseudonyms in civil litigation in our Circuit." *Id.* The Court went on to state that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." The factors set forth by the Court included the following along with an explanation as to how Plaintiff's situation in the instant case applies to these factors:

*(a) whether the litigation involves matters that are "highly sensitive and [of a] personal nature.* This matter involves rape, sex trafficking and other crimes committed against the Plaintiff, including a home-invasion robbery and threats against Plaintiff life and physical safety. Clearly these matters, in particular, the rape allegations are of a highly sensitive and deeply personal nature. *See Roe v. John Does 1-11,* 2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020) *citing to A.B. v. C.D., 2018 WL 1935999* (E.D.N.Y. April 24, 2018) (in a defamation suit, finding "the litigation here involves matters that are of a highly sensitive and personal nature, as the case relates- in part- to allegations of sexual harassment and misconduct"). *See also, Su Be v. Comcast Corp.,* 2021 WL 694556, at *1 (S.D.N.Y. Feb. 23, 2021) (permitting the plaintiff to proceed anonymously in part because "[w]ith regard to the first factor, this case entails highly sensitive and personal matters involving Plaintiff's daughter's mental health").

*(b) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties.* Plaintiff is a victim of such extreme sex crimes and criminal assault, robbery, criminal harassment and threats to her physical safety that her identity should be protected. Plaintiff seeks to avoid actual physical and mental harm from potential

future acts of harassment, intimidation or worse from the Defendants and their associates.  Plaintiff is concerned about the risk of retaliatory physical harm by Defendant JOSH JACKSON and his associates by virtue of the forcible physical nature of the rape and sexual assault, as well as the documented threats against her physical safety by the other Defendants acting at Defendant JACKSON's behest.  Moreover, Plaintiff lives in the City of New York and she is concerned that if Plaintiff's application to proceed anonymously is denied, she will suffer embarrassment and humiliation in her community which will lead to additional emotional harm.  *See HCVAWCR- DOE v. The Roman Catholic Archdiocese of New York,* 2020 N.Y. Slip. Op. 50966(U) (Sup Ct, Westchester County 2020). It would be upsetting to Plaintiff if her community and colleagues found out that she was the victim of rape, sex trafficking, assault and robbery. This case will likely require a detailed discussion of the particular sexual encounter alleged in the Complaint, matters of utmost intimacy and highly personal. Plaintiff would be associated with the shame that many victims of rape and sexual assault endure.

*(c) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.* Plaintiff, as a victim of a violent rape, home-invasion robbery, and a sustained campaign of harassment, ridicule and intimidation should be entitled to privacy and revealing her true identity would only add to her emotional distress for which she is suing.  Having Plaintiff's name appear publicly in court filings and possibly news stories would cause her to worry for the rest of her life if people she meets know about her history of being raped, sex trafficked, robbed and threatened.  Plaintiff fears that the details of the sexual harassment and assault will damage her future relationships with her loved ones. Furthermore, the allegations in the

lawsuit bring Plaintiff's personal life and intimate details into the suit. Proceeding under a pseudonym would effectively prevent public access to the intimate information.

*(d) whether the plaintiff is particularly vulnerable to the possible harms of disclosure.* As a victim of extreme sexual harassment and sexual assault, revealing Plaintiff's identity would serve to only enhance the emotional distress for which she is suing. Plaintiff is a young woman and is concerned that the publication of her name in association with a rape and sex trafficking lawsuit will harm her reputation and require her to eventually share her story with her family and friends.

*(e) whether the suit is challenging the actions of the government or that of private parties.* The suit challenges the actions of private parties.

*(f) whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.* Defendants will not suffer any prejudice from Plaintiff proceeding anonymously. Defendants will be able to defend this action the same way they would if Plaintiff proceeded under her real name. Since the Defendants are already aware of Plaintiff's identity[2] and the Defendants have a right to full discovery and cross examination, allowing Plaintiff to proceed anonymously will not hinder the Defendants' defense. Where, as here, Defendants are aware of Plaintiff's identity, there is no prejudice to Defendant's ability to conduct discovery or try the matter if Plaintiff were to proceed anonymously. *See Doe v. Smith,* 105 F.Supp.2d 40 (E.D.N.Y. 1999). As the S.D.N.Y. has noted in *Doe v. United Services Life Insurance Company,* 123 F.R.D. 437 (S.D.N.Y. 1988), because "[Defendants] already know [] Doe's true identity, [they] will have full

---

[2] On or about January 24, 2023, the parties entered into a tolling agreement, and subsequently conferred via counsel in-person in advance of litigation. Defendant JACKSON's counsel indicated that they have purportedly thoroughly investigated Plaintiff's background.

discovery rights as the case progresses, and [they] will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action." *Id.*

*(g) whether the plaintiff's identity has thus far been kept confidential.* Plaintiff's identity has thus far been kept confidential in the public record. It is true that Defendants were made aware of Plaintiff's identity in the prior this proceeding. The documents exchanged to date are not publicly available and thus Plaintiff's identity is not otherwise publicly known.

*(h) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.* This is a matter of relatively minimal public impact and given the extreme claims of rape, robbery, and criminal harassment and threats, it is respectfully submitted that this is one of those instances when an exception should be made. As noted in *Doe v. Good Samaritan Hospital,* 66 Misc.3d 444, 450 (Sup.Ct. Nassau County 2019) "[t]he only purpose public revelation of plaintiff's name could have would be to expose plaintiff to the potential harms of public disclosure and perhaps deter her from litigating the matter." Judge Jaeger further determined in *Good Samaritan* that "[i]n the Court's view, the public interest is ultimately served in this case by the case being determined on its merits, after the parties have had an opportunity to fully and properly litigate the issues presented. Anonymity, at this junction, will preserve the integrity of this objective." *Id.* at 449.

*(i) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.* There is an atypically weak public interest in revealing Plaintiff's name because this matter is specific to the Plaintiff and the specific Defendants with minimal public impact. The case of *Jane Doe v. Steven Kogut,* 1:15-cv-7726 (S.D.N.Y. March 29, 2016) Judge

Furman, clearly stated that "many courts in this circuit have held that alleged victims of rape or sexual assault have a strong, particularized interest in proceeding anonymously." *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (citing case); *Doe v. Evans*, 202 F.R.D. 173, 175-76 (E.D. Pa. 2001); *see also Doe v. Blue Cross*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, CJ.) ("[F]ictitious names are allowed when necessary to protect the privacy of children, **rape victims**, and other particularly vulnerable parties or witnesses.") (emphasis added). Further, while the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes. See *Kolko*, 242 F.R.D. at 195-96.

*(j) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.* I am not aware of any other mechanism for protecting the confidentiality of Plaintiff. This factor weighs in favor of anonymity. *Doe v. Foukas,* 2021 WL 8892823 (E.D.N.Y. March 20, 2021). Moreover, the availability of arbitration can be insufficient to demonstrate that a motion to proceed anonymously in federal court is objectively unreasonable, *see HTG Capital Partners, LLC v. Doe,* 2016 WL 612861 (N.D.Ill. Feb. 16, 2016) (compelling arbitration but granting defendant's motion to proceed anonymously "as to this federal action").

The above factors were set forth in *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188- 191 (2d Cir. 2008).

6. The United States Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, National Crime Victimization Survey, 2015-2019 (2020) reports that over 2/3 of sexual assaults go unreported (only 310 out of every 1000 sexual assaults

are reported)³. To address this problem, many states in this country, including New York, have enacted laws to protect the anonymity of sexual assault victims. *Kolko*, 242 F.R.D. at 196 (citing N.Y. Civil Rights Law § 50–b, which states in pertinent part: "[t]he identity of any victim of a sex offense, as defined [by the penal law], or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential."). Upon approving this statute, then Governor Mario Cuomo stated, "sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy." 1991 McKinney's Sessions Laws of N.Y., at 2211–2212 (quoted in *Deborah S. v. Diorio,* 153 Misc.2d 708 (N.Y. City Civ.Ct.1992)); *see also Coker v. Georgia,* 433 U.S. 584, 597 (1977) ("Short of homicide, [rape] is the ultimate violation of self"). As such, the *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. 2008) factors clearly weighs in favor of Plaintiff's anonymity.

7.  To force Plaintiff to proceed revealing her identity would create a chilling effect on victims of sexual assaults to come forward to report such crimes.

WHEREFORE, in light of the rape, robbery, harassment and threats to her physical safety by the Defendants in this case, and in consideration of the above factors, it is respectfully requested that Plaintiff be allowed to continue to proceed anonymously as "Jane Doe."

Dated: June 15, 2023
      New York, New York

                                      Respectfully submitted,

                                      **DEREK SMITH LAW GROUP, PLLC**
                                      *Attorneys for Plaintiff*

---

³ This is only one of the more recent of such DOJ surveys showing the high frequency of unreported sexual assaults.

*/s/ Seamus P. Barrett*

Seamus P. Barrett, Esq.
One Penn Plaza, Suite 4905
New York, NY 10119
(212) 587-0760