# LAURO & SINGER
FLORIDA ♦ NEW YORK

**FLORIDA**
400 N. Tampa Street
15th Floor
Tampa, Florida 33602
P. 813.222.8990
F. 813.222.8991

1101 Brickell Avenue
South Tower, 8th Floor
Miami, FL 33131
P. 813.222.8990

**NEW YORK**
250 E. 53rd Street
Suite 1701
New York, New York 10022
P. 646.746.8659

WWW.LAUROSINGER.COM

**VIA ELECTRONIC FILING (CM/ECF)**

June 19, 2023

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

   RE:  *Doe v. Jackson et al.*, Case No. 1:23-CV-04910 (ALC)

Dear Judge Carter:

Our firm represents defendant Joshua Jackson in connection with the above-referenced matter, and we have filed a notice of appearance. (ECF No. 11). We write to respectfully request ten days, until June 29, 2023, to file our papers in opposition to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously. (ECF No. 10).

On June 12, 2023, plaintiff filed this action, but failed to seek leave of Court to have the case proceed anonymously on her behalf. (ECF No. 1). However, she publicly identified our client in the pleading. *Id.* On June 14, 2023, the Court entered an order rejecting the filed complaint and requiring plaintiff to move for leave to proceed anonymously or under seal. (ECF No. 6). Plaintiff responded on June 15, 2023, by filing a motion for permission to file as a Jane Doe. (ECF Nos. 7-8). Her motion contained a caption for a filing in New York State Supreme Court. *Id.* By a docket notice entered on June 15, 2023, the Clerk also rejected this motion for failure to file properly and directed plaintiff's counsel to review this District's ECF Rules and Instructions. Finally, on June 16, 2023, plaintiff again moved for leave to proceed as a Jane Doe. (ECF Nos. 9-10). This third attempt to file a proper pleading, however, still contains a caption for a state court filing. *Id.*

Plaintiff's course of conduct raises important issues for the Court to consider. First, plaintiff intentionally filed an improper pleading as a Jane Doe without obtaining Court approval, while naming our client and subjecting him to public condemnation for very serious, albeit entirely false accusations. Counsel for the parties had been communicating for months regarding this matter, and yet plaintiff's counsel chose not to consult with the undersigned to fashion an appropriate protocol for seeking to file under seal or with the parties identified as Jane Doe and John Doe. Instead, plaintiff proceeded unilaterally to embarrass Mr. Jackson – a professional athlete – by identifying him by name in her complaint. This lack of mutuality has already had its

intended consequences since there have been press inquiries regarding the defamatory allegations made by plaintiff.

Given the importance of these issues, we respectfully request ten days in which to file our opposition papers.

Respectfully submitted,

*[signature]*

John F. Lauro

cc:     Counsel of Record (via CM/ECF)