UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOE,

                          Plaintiff,

            -against-

JACKSON ET AL.,

                          Defendants.

Case No. 23-cv-04910 (ALC)

**MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S
MOTION TO PROCEED
ANONYMOUSLY**

Defendant Joshua Jackson respectfully submits this memorandum in opposition to plaintiff ███████ motion to proceed under a pseudonym. (ECF Nos. 13-14). The Court should deny the motion because ███ fails to show exceptional privacy interests that outweigh the prejudice to Jackson or negate the constitutional presumption of openness in judicial proceedings.

**INTRODUCTION**

███ voluntary public persona belies any legitimate interest in privacy concerning this matter. She maintains a provocative and sexualized social media presence, while seeking relationships with professional athletes and others. ███ self-identifies as a model, but it appears her modeling career is limited to posting revealing photographs of herself online. ███ exhibits little reticence about revealing intimate details regarding her physicality, sexuality, and desires for all to see. She also was recently involved in a ████████████████████████ ████████████████████████████████████ ████████ ████████████████████████████████████████ ████████

Jackson attended the University of Kansas, where he was one of the best freshmen in Kansas basketball history. After one season, he entered the 2017 NBA draft. He was selected fourth

overall by the Phoenix Suns, and he has since played for the Detroit Pistons and other teams. He is a target for anyone (like ▉▉▉ who threatens public humiliation for failing to pay on extortionate threats.

In February 2022, Jackson visited ▉▉▉▉▉▉▉▉▉▉▉▉ hosted by other professional athletes. There, he met ▉▉▉ for the first time, and they partied at clubs with each other and other acquaintances. When the party wound down, Jackson returned to his hotel alone, but later messaged ▉▉▉ inviting her back to his room. ▉▉▉ agreed to the visit. As she states in her complaint, Jackson's "success and wealth as a professional athlete was of significant enticement to Plaintiff." (ECF No. 1 ¶ 115).

▉▉▉ now says that she went to Jackson's room anticipating a party; but once she arrived, she saw that Jackson was alone and only wearing shorts. (ECF No. 1 ¶¶ 33-36). Nonetheless, she states that she climbed into his bed for a nap and later woke up to Jackson sexually assaulting her. (ECF No. 1 ¶¶ 44-53). No proof exists for ▉▉▉ claims. Jackson emphatically denies any sexual assault.

▉▉▉ through her counsel, communicated with Jackson's counsel for nearly one year. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉ Jackson refused. ▉▉▉ then inappropriately filed this lawsuit anonymously, while naming Jackson, with the clear purpose of injuring his reputation and subjecting him to public condemnation.

## **PROCEDURAL BACKGROUND**

On June 12, 2023, ▉▉▉ attempted to initiate this case as a Jane Doe. (ECF No. 1). However, her counsel did not obtain leave of this Court to file under a pseudonym, and chose not

to abide by the proper procedure to allow his client to hide behind anonymous accusations.[1] A docket notice entered on June 13, 2023, advised ▇ that her civil cover sheet was deficient and improperly filed, and she was directed to re-file it. On June 14, 2023, the Court ordered ▇ to seek leave to proceed under a pseudonym or to file under seal. (ECF No. 6). The Court further directed that no summons would issue until ▇ resolved this issue. *Id.* She then attempted to move for leave to file the case under seal or proceed pseudonymously. (ECF Nos. 7-8). That motion, however, was improperly filed under seal. A docket notice entered on June 16, 2023, directed ▇ counsel to review this District's Electronic Case Filing Rules & Instructions and to re-file the motion. ▇ counsel re-filed the motion and a memorandum in support later that day, but identified the Supreme Court of New York, County of New York, as the filing court in her papers. (ECF Nos. 9-10).

On June 19, 2023, the undersigned filed his appearance as counsel of record for Jackson. (ECF No. 11). The undersigned also filed a letter requesting ten days to file an opposition to ▇ motion to proceed pseudonymously. (ECF No. 12). That letter also indicated that ▇ re-filed motion and memorandum were deficient because the pleadings contained a state court caption. *Id.* ▇ then attempted to file the motion and memorandum a third time with the caption corrected. (ECF Nos. 13-14). However, this attempt to file properly also failed because counsel did not re-file the motion and instead filed the memorandum twice. *Id.* Finally, on June 20, 2023,

---

[1] ▇ counsel is well-aware of the proper procedures for filing a matter by pseudonym, *see, e.g.*, *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793 (S.D.N.Y. July 10, 2019); *Doe v. Juan Gonzales Agency Corp.*, 2022 WL 3100669 (S.D.N.Y. Aug. 4, 2022), as is the firm representing her, Derek Smith Law Group, *see, e.g.*, *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 403 (S.D.N.Y. 2019); *Doe v. Townes*, 2020 WL 2395159, at *1 (S.D.N.Y. May 12, 2020); *Doe v. Kogut*, 2017 WL 1287144, at *12 (S.D.N.Y. Apr. 6, 2017), *aff'd*, 759 F. App'x 77 (2d Cir. 2019).

this Court entered an order directing Jackson to file his opposition papers by June 28, 2023. (ECF No. 15).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 10(a), ██████ "must name all the parties" in her complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). For exceptional circumstances shown, courts have "'carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously.'" *Id.* at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 685 (11th Cir. 2001)). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *see also Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2021) ("Federal court proceedings and records presumptively are public absent a showing of exceptional circumstances.").

To overcome the presumption of openness, ██████ must show that her "need for privacy… outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Sealed Plaintiff*, 537 F.3d at 189-90. To resolve this issue, courts use a balancing test. *See, e.g., Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019) ("The ultimate question is one of balance, and courts only 'allow such an imbalance ... in unique circumstances.'" (quoting *Doe v. Fedcap Rehabilitation Services, Inc.*, 2018 WL 2021588, at *3 (S.D.N.Y. April 27, 2018))). In *Sealed Plaintiff*, the Second Circuit identified a non-exhaustive list of ten factors

that district courts should consider when deciding a motion to proceed anonymously. 537 F.3d at

190. The factors are:

> **(1)** whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> **(2)** whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> **(3)** whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> **(4)** whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [plaintiff's] age;
>
> **(5)** whether the suit is challenging the actions of the government or that of private parties;
>
> **(6)** whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> **(7)** whether the plaintiff's identity has thus far been kept confidential;
>
> **(8)** whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> **(9)** whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities[; and]
>
> **(10)** whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (internal citations and quotation marks omitted).

## DISCUSSION

██████ fails to meet her burden of demonstrating exceptional circumstance or unique harm

resulting from the disclosure of her identity. Similarly, she ignores the prejudice to Jackson in

allowing her to proceed anonymously, while identifying him in the complaint. Indeed, by

intentionally failing to proceed in accordance with our rules, ██████ achieved exactly what she

wanted in the absence of a court order – publicly humiliating Jackson while hiding behind the

curtain of anonymity. She also neglects to consider the substantial public interest against

5

anonymity and instead relies entirely on generalized claims of harm and conclusory allegations. We address each of the *Sealed Plaintiff* factors separately.

### *Matters of Highly Sensitive and Personal Nature*

The first *Sealed Plaintiff* factor is "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature.'" 537 F.3d at 190 (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). "[T]he class of allegations that are typically found to meet this standard" include "claims involving sexual orientation, pregnancy, or minor children." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) (citing *Michael v. Bloomberg L.P.*, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) ("Nor is this the type of unusual case involving matters of a highly sensitive or personal nature—i.e., claims involving sexual orientation, pregnancy, or minor children—in which courts have justified anonymous plaintiffs proceeding pseudonymously.")). *See also North Jersey Media Group Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families").

Here, ███████ suggests that her allegations of "rape, sex trafficking and other crimes committed against the Plaintiff" are inherently "of a highly sensitive and deeply personal nature." *See* Pl. Memo. at 2. She states, "[c]learly these matters, in particular, the rape allegations are of a highly sensitive and deeply personal nature." *Id.* She offers nothing further.

These conclusory assertions hardly support anonymity. This Court repeatedly holds that "[a] claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously." *Branca USA, Inc.*, 2022 WL 2713543, at *2 (collecting cases). Indeed, "the nature of Plaintiff's allegations alone does not suffice to

permit her to proceed anonymously." *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *1 (quoting *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021)). "Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." *Branca USA, Inc.*, 2022 WL 2713543, at *2.

███ also offers nothing showing that matters of a sexual nature are particularly sensitive and personal to her. Indeed, the allegations in her complaint reveal no unique emotional or physical characteristics regarding the encounter, but rather in conclusory form describe the made-up assault: "Plaintiff went to [Jackson's] room in hopes to continue to party with him and other NBA players," "Plaintiff immediately realized that there was no one else was in the room with Defendant JACKSON, he was only wearing basketball shorts and that there was no party," "Plaintiff told Defendant JACKSON before entering the room, 'HEY, DON'T GET THE WRONG IDEA. I AM JUST HERE TO CHILL AND TO BE FRIENDS. DO NOT EXPECT SEX, I AM NOT THAT TYPE OF GIRL,'" "Plaintiff who was exhausted and recovering from drinking at the party earlier in the evening, laid down on the other side of the bed, with her back facing Defendant JACKSON," "Later Plaintiff awakened to Defendant JACKSON ripping and pulling her clothes off and climbing on top of her," and "Defendant JACKSON overpowered Plaintiff and held down both of Plaintiff's hands as he penetrated her vagina with his penis and raped her." (ECF No. 1 ¶¶ 34-51). These are just the type of allegations "of rape and sexual assault [that], in the absence of additional circumstances of sensitivity, [do] not warrant a finding in Plaintiff's favor on the first *Sealed Plaintiff* factor." *Juan Gonzales Agency Corp.*, 2022 WL 3100669, at *2.

Most critically, ███ openness about her sexuality eviscerates any genuine privacy concerns. For example, she regularly posts on social media about intimate matters relating to her sexuality and lustful desires, *e.g.*, on her public Twitter page:



*See* ███████████████████████████████████████████████ (last visited June 27, 2023). This is but a small sample of ███████ publicly available Tweets.

She also has an extensive history of posting sexually explicit photos, videos, and livestreams on her public social media pages:



*See* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (last visited June 27, 2023).



last visited June 27, 2023).



████████████████████████████████████ (last visited June 27,

2023).

Moreover, ███ has discussed online matters that courts generally consider highly

sensitive and personal, such as abortion. *See, e.g.,* ██████████████████



*See* ████████████████████████████ (last visited June 27,

2023); *see also, infra,* ██████████████████████████████

████████████████████████████████████

████████████████████ (last visited June 27, 2023) (███████

discussing intimate details of sexual encounter ██████████████████

████████████████ ).

Thus, ████ has not and cannot show that sexual issues are particularly sensitive or

personal to her, or that there is anything unique in the complaint's description of the alleged

encounter.

### *Risk and Severity of Retaliatory and Other Harms*

This Court considers the second and third *Sealed Plaintiff* factors together: "[W]hether

identification poses a risk of retaliatory physical or mental harm to the… party seeking to proceed

anonymously," and "whether identification presents other harms and the likely severity of those

harms." *Sealed Plaintiff*, 537 F.3d at 190 (internal citations and quotation marks omitted). Where

"the harm outlined by plaintiff is rather speculative in nature," these factors cut against the

plaintiff's claim for proceeding anonymously. *Anonymous v. Medco Health Sols., Inc.*, 588 F.

App'x 34, 35 (2d Cir. 2014). Indeed, "[c]ourts in this District have held that speculative claims of

physical or mental harms are insufficient to bolster a request for anonymity." *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406 (citing *Bloomberg L.P.*, 2015 WL 585592). Generally, "something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Branca USA, Inc.*, 2022 WL 2713543, at *4.

███ argues that she is "concerned about the risk of retaliatory physical harm… by virtue of the forcible physical nature of the rape and sexual assault, as well as the documented threats against her physical safety…." Pl. Memo. at 2-3. She further alleges that "revealing her true identity would only add to her emotional distress for which she is suing." *Id.* at 3-4. But these assertions are entirely conclusory and speculative. She fails to present "direct evidence linking disclosure of [her] name to a specific physical or mental injury," nor does she explain the severity of the harm she would allegedly suffer. *Doe v. Leonelli*, 2022 WL 2003635, at *3 (S.D.N.Y. June 6, 2022). Therefore, ███ generalities are "insufficient to bolster [her] request for anonymity." *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406.

███ also fails to reconcile her claimed fear of retaliation with the parties' discussions and knowledge of this matter for nearly one year, with absolutely no suggestion of retaliation or any harm to her during that time. Moreover, "permitting the plaintiff to proceed anonymously would do nothing to protect [her] from future retaliatory actions because the [defendant] is already aware of the plaintiff's identity." *Doe v. United States*, 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017); *see also Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) ("Plaintiff has not… explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity.").

Finally, ▮▮▮ also alleges that "she will suffer embarrassment and humiliation in her community which will lead to additional emotional harm." Pl. Memo. at 3. "[C]laims of public humiliation and embarrassment, however, are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." *Shakur*, 164 F.R.D. at 362. In *Doe v. City of New York*, an attorney sued the City alleging that "her arrest, detention and prosecution violated her constitutional rights." 201 F.R.D. 100, 101 (S.D.N.Y. 2001). In denying the plaintiff's motion to proceed under a pseudonym, Judge Kaplan held:

> Although plaintiff's reputational concern is understandable, if exaggerated, it certainly is not even-handed. Plaintiff has made serious accusations against two New York City police officers in her publicly filed complaint which includes their names in the caption. The officers have no lesser interests in their reputations than plaintiff, yet she has shown no solicitude for their privacy, and they were not afforded an opportunity to seek to have their names withheld from the public. If we are to have a policy of protecting the names of individual litigants from public disclosure, there is a very substantial interest in doing so on a basis of equality.

*Id.* at 102.

So, too, did ▮▮▮ show no concern for Jackson's privacy when she named him in her complaint and proceeded absent a court order. *See also Anonymous v. Simon*, 13-cv-2927 2014 WL 819122, at *2 (S.D.N.Y. March 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.").

### *Vulnerability*

The fourth *Sealed Plaintiff* factor is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age." 537 F.3d at 190 (internal citations omitted). "Age is the 'critical factor' in determining vulnerability." *Leonelli*, 2022 WL 2003635, at *3 (quoting *Rapp*, 537 F.Supp.3d at 530). ▮▮▮ points to nothing more than generalized concerns of emotional distress and reputational harm. Pl. Memo. at 4 ("Plaintiff is a young woman and is concerned that the publication of her name in association with a rape and sex trafficking

13

lawsuit will harm her reputation and require her to eventually share her story with her family and friends.").

But ▇▇▇ conclusory statements are no substitute for evidence, and she fails to explain how her age could possibly make her particularly vulnerable. *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406 ("Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure."). ▇▇▇ is an adult and was an adult at the time of the alleged assault. "Where the plaintiff is an adult… who has chosen to level serious charges against a defendant in the public eye… This factor weighs in favor of [plaintiff] shouldering the burden of such accusations." *Leonelli*, 2022 WL 2003635, at *3.

Additionally, as described above, ▇▇▇ hardly self-identifies as vulnerable. Just the opposite. When she is not seeking anonymity in court pleadings, she maintains a public following on social media, where she freely posts about and exhibits her sexuality. Besides posting intimate statements regarding her body and sexual desires, she also offers up graphic images of herself in sexually suggestive positions. While in the absence of her social media posting, ▇▇▇ might get away with making a vulnerability claim, the postings themselves put the lie to this assertion.

Moreover, by filing this lawsuit anonymously and naming Jackson, ▇▇▇ is attempting to strip Jackson of his right to publicly defend himself, while placing him in a vulnerable position. Sadly, for too long in our nation's history, black men have faced the horrific consequences of defending themselves against false allegations of sexual misconduct. *See generally* Samuel R. Gross et al., *Race and Wrongful Convictions in the United States*, U of Michigan Public Law Research Paper No. 22-051, U of Michigan Law & Econ Research Paper No. 22-051 (Sept. 23, 2022), https://www.law.umich.edu/special/exoneration/Documents/Race%20Report%20Preview.pdf. Jackson should not be denied the full extent of due process in his defense.

### *Private Parties*

The fifth *Sealed Plaintiff* factor looks at "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. The former "involve no injury to the Government's 'reputation,' whereas 'the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm.'" *N. Jersey Media Grp. Inc.*, 2012 WL 5899331, at *7 (quoting *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). "[T]hese consequences provide more justification for not granting a plaintiff's request for anonymity in the private parties' cases." *Id.*

██████ correctly notes that her "suit challenges the actions of private parties." Pl. Memo. at 4. Therefore, Jackson has "a substantial interest in maintaining [his] good name and reputation, particularly in light of the allegations in Plaintiff's Complaint." *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406.

### *Prejudice to Jackson*

The sixth *Sealed Plaintiff* factor centers on "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." 537 F.3d at 190. "Courts have considered at least three types of prejudice to defendants in proceeding anonymously: difficulties in conducting discovery, reputational damage, and fundamental fairness." *Leonelli*, 2022 WL 2003635, at *5. Here, Jackson will suffer all three forms of prejudice, and ██████ arguments to the contrary are unavailing for several reasons.

██████ asserts that "[w]here, as here, Defendants are aware of Plaintiff's identity, there is no prejudice to Defendant's ability to conduct discovery or try the matter if Plaintiff were to

proceed anonymously." Pl. Memo. at 4-5 (citing *Doe v. Smith*, 105 F.Supp.2d 40 (E.D.N.Y. 1999)). But ███████ reliance on *Smith* is misplaced. *Id.* In that case, unlike in this one, there was no suggestion that the case would generate any publicity.

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████ It certainly follows that "[w]here a case involves potential publicity, asymmetry as to information and witnesses can occur because – with one party anonymous – information about only one side may come to light as a result." *Leonelli*, 2022 WL 2003635, at *5 (quotation marks omitted). This asymmetry "hinders the judicial interest in accurate fact-finding and fair adjudication," and cannot "be avoided by the fact that plaintiff already has provided defendant with [her] name." *Id.; see also Del Rio*, 241 F.R.D. at 159 ("[M]aintaining a plaintiff's anonymity could 'unfairly impede defendant's ability to impeach the plaintiffs' credibility' through cross examination and introduction of personal evidence at trial.").

Jackson is entitled to have the public assess ███████ credibility, as well as having members of the public come forward with important information ███████████████████
███████████████████████████████████████████
████████  ██████ *See,   e.g.,* ████  ████████  ██████  ████  ██  █████
███████████████████████████████████████████
████████████████████████████████ ; █████████████████
███████████████████████████████████████████
████████████████████████ .



*see also*

*See* ███████████████████████████████████████ (last visited June 27, 2023).

      If ██████ is permitted to proceed pseudonymously, ██████████████████████ ████████████████████████████████████████. This would work an enormous injustice to the defense. "[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596-97 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties.")); *see also Leonelli*, 2022 WL 2003635, at *5 ("[P]otentially unknown witnesses may not otherwise come forward if 'they do not know who this accuser is'; 'they likely would have no way of knowing that their information would be pertinent.'" (quoting *Rapp*, 537 F.Supp.3d at 531)).

      In considering "reputational damage" and "fundamental fairness," *Leonelli*, 2022 WL 2003635, at *5, the *Smith* court noted that "the plaintiff's offer to forego opposition to defendant also proceeding under a pseudonym substantially limits defendant's need to defend himself publicly from public charges. Should the defendant choose not to take advantage of plaintiff's offer, he cannot claim prejudice therefrom." *Smith*, 105 F.Supp.2d at 44. But ██████ made no such offer that would allow both parties to proceed anonymously. Although counsel for the parties had been communicating for months regarding this matter, ██████ chose to intentionally file an improper pleading as a Jane Doe without leave of Court and without consulting with the undersigned about identifying Jackson as a John Doe. Instead, ██████ acted as her own judge and

18

proceeded unilaterally to "embarrass Defendant and place him under the same stigma that concerns Plaintiff." *Simon*, 2014 WL 819122, at *2.

Finally, if ▇▇▇ proceeds anonymously, it will be "more difficult for [defendant] to mitigate against the reputational damage associated with the lawsuit." *Leonelli*, 2022 WL 2003635, at *5. ▇▇▇ "has made serious charges and has put her credibility in issue." *Shakur*, 164 F.R.D. at 361. Fundamental fairness "requires that she be prepared to stand behind her charges publicly." *Id. The public must be able to judge the credibility of* ▇▇▇ *allegations in light of who she really is.* Jackson should not find himself fighting for his reputation with one hand tied behind his back. If the case proceeded as ▇▇▇ planned, then Jackson "would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity." *Id.*

### *Past Treatment of Identity*

The seventh *Sealed Plaintiff* factor assesses "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190 (citing *Del Rio*, 241 F.R.D. at 157). ▇▇▇ claims her "identity has thus far been kept confidential in the public record" and that "[t]he documents exchanged [with the undersigned] to date are not publicly available and thus Plaintiff's identity is not otherwise publicly known." Pl. Memo. at 5. However, ▇▇▇ alleged in her complaint that she "reported the incident to the NYPD and told them about JACKSON and how she met him the night before;" and further "reported the rape to the NYPD." (ECF No. 1 at ¶¶ 103, 105). ▇▇▇ does not suggest "any promises of confidentiality were made by those authorities in any of those conversations." *Leonelli*, 2022 WL 2003635, at *2. "Without any guarantee of confidentiality from anyone to whom Plaintiffs have already disclosed the abuse, there is no guarantee that proceeding pseudonymously in this court will protect [her] identity." *Id.*

As might be expected, the authorities never contacted Jackson regarding these baseless accusations, and we have never seen any such police report. In any event, it does not appear that ▮▮▮ has sought to hide her identity except in connection with filing this litigation.

### *Public Interest*

This Court considers the eighth and ninth *Sealed Plaintiff* factors together. 537 F.3d at 190. These factors "all relate to the public's interest in knowing the Plaintiffs' identity." *Leonelli*, 2022 WL 2003635, at *4; *see also Skyline Autos. Inc.*, 375 F. Supp. 3d at 408. The eighth factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." *Sealed Plaintiff*, 537 F.3d at 190. "Subsequently, the ninth factor suggests that if the issues presented are 'purely legal in nature,' generally 'there is an atypically weak public interest in knowing the litigants' identities.'" *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (quoting *Sealed Plaintiff*, 537 F.3d at 190). "In private civil suits, courts recognize there is a significant interest in open judicial proceedings since such suits 'do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.'" *Leonelli*, 2022 WL 2003635, at *4 (quoting *Rapp*, 537 F.Supp.3d at 532; *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97-98 (S.D.N.Y. 2020)).

▮▮▮ says: "This is a matter of relatively minimal public impact and given the extreme claims of rape, robbery, and criminal harassment and threats, it is respectfully submitted that this is one of those instances when an exception should be made." Pl. Memo. at 5. She is just wrong. This case revolves around salacious allegations against a professional athlete that will undoubtedly generate considerable press attention. Without question, "the public has a legitimate interest in knowing the underlying facts of a litigation, including the identities of the litigants." *Rapp*, 537 F.

Supp. 3d at 532. "The people have a right to know who is using their courts." *Branca USA, Inc.*,

2022 WL 2713543, at *2.

Further, public interest is obviously "magnified because [plaintiff] has made [her]

allegations against a public figure." *See id.*; *Rapp*, 537 F. Supp. 3d at 532. That ███ self-

identifies her "claims of rape, robbery, and criminal harassment and threats" as "extreme" is

immaterial for the purpose of evaluating public interest. As ███ counsel is already aware,

"courts have been reluctant to permit anonymous pleading even where a plaintiff alleges a more

violent form of sexual assault." *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *1.

Finally, while ███ acknowledges that the issues here are factual in nature, she incorrectly

concludes that "[t]here is an atypically weak public interest in revealing Plaintiff's name because

this matter is specific to the Plaintiff and the specific Defendants with minimal public impact." Pl.

Memo. at 5-6. The relevant inquiry is not whether the issues apply to the greater public; rather,

whether they are "purely legal in nature," *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408, in which

case there is no interest in, among other things, "enforcing legal and social norms," *Leonelli*, 2022

WL 2003635, at *4. Accordingly, "[w]here the litigation involves, not abstract challenges to public

policies, but rather… particular actions and incidents, open proceedings nevertheless benefit the

public as well as the parties and also serve the judicial interest in accurate fact-finding and fair

adjudication." *Id.* (citing *North Jersey Media Group Inc.*, 2012 WL 5899331 at *8). The public

here will be focused not on any unique legal issues, but on the circumstances of a star athlete being

accused of a sexual assault. Thus, there is an overwhelming public interest in having these terrible

accusations evaluated fairly in light of who is making them.

*Alternatives To Anonymity*

The tenth and final *Sealed Plaintiff* factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." 537 F.3d at 190. ▓▓▓▓ argues that "[she is] not aware of any other mechanism for protecting the confidentiality of Plaintiff. This factor weighs in favor of anonymity." Pl. Memo. at 6. However, as this Court has previously held, "[t]here are multiple other ways a plaintiff's interests can be protected, including the redaction of documents, and sealing. Further, Plaintiff could seek a protective order, or the parties could enter a confidentiality agreement." *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (citing *Doe*, 2017 WL 2389701, at *2). Because of the availability of these alternative means of protecting private confidential information, the tenth *Sealed Plaintiff* factor also cuts against allowing ▓▓▓ to proceed pseudonymously.

## **CONCLUSION**

For the reasons discussed above, Jackson respectfully requests that the Court deny ▓▓▓▓ motion to proceed pseudonymously or under seal.

Dated: June 28, 2023

Respectfully submitted,

*/s/ John F. Lauro*
John F. Lauro, Esq.
jlauro@laurosinger.com
Filzah I. Pavalon, Esq.*
fpavalon@laurosinger.com
LAURO & SINGER
250 E. 53rd St. #1701
New York, NY 10022
(813) 222-8990

* *Request to Appear* Pro Hac
Vice *Forthcoming*

*Counsel for Defendant Josh Jackson*