# LAURO & SINGER
FLORIDA ♦ NEW YORK

**FLORIDA**
400 N. Tampa Street
15th Floor
Tampa, Florida 33602
P. 813.222.8990
F. 813.222.8991

1101 Brickell Avenue
South Tower, 8th Floor
Miami, FL 33131
P. 813.222.8990

**NEW YORK**
250 E. 53rd Street
Suite 1701
New York, New York 10022
P. 646.746.8659

WWW.LAUROSINGER.COM

VIA ELECTRONIC FILING (CM/ECF)

July 17, 2023

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

   RE:  *Doe v. Jackson et al.*, Case No. 1:23-CV-04910 (ALC)

Dear Judge Carter:

We represent defendant Joshua Jackson in connection with the above-referenced matter. Pursuant to Your Honor's order granting Jackson permission to file a sur-reply (ECF No. 28), we write in response to the new arguments and evidence in plaintiff's reply, (ECF Nos. 21-23).

In her reply, plaintiff for the first time requests entirely new relief – that the Court allow her to "proceed through the pretrial and discovery phases under the pseudonym, Jane Doe, then revisit[] the issue, only shortly before trial." Reply at 2-3 (requesting that the Court take "a similar tact"). However, plaintiff's motion papers fail to establish that she is entitled to even this incremental approach. Indeed, she has not and cannot show that such an approach would do anything to mitigate the prejudice to Jackson, negate the constitutional presumption of openness, or otherwise change the *Sealed Plaintiff* calculus. 537 F.3d 185 (2d Cir. 2008).

In fact, plaintiff's reply underscores the significant countervailing interests. She now accuses Jackson of "violence against female victims... includ[ing] being questioned along with four other teammates regarding a report of an alcohol-related rape of a minor in the KU men's basketball dorm." Reply at 2. The allegation is without evidence and entirely baseless. But this type of outrageous conduct exemplifies the prejudice that counsels against anonymity. Plaintiff should not be permitted to use this court system to make horrendous, defamatory allegations while hiding behind the cloak of anonymity.

Plaintiff also proffers a police report as evidence of the alleged sexual assault. Notably, the report identifies the alleged perpetrator as a generic tall Black male with the initials "KJD" who plaintiff self-reported as her friend. *See* ECF No. 22-3 at 2. Jackson has never been questioned or otherwise contacted in connection with this report. That, of course, makes sense because Jackson's initials are not KJD. Thus, plaintiff's offer of "evidence" undermines her sordid allegations and reinforces the need for Jackson to have plaintiff named publicly so he can request public assistance determining who "KJD" might be.

1. <u>"This Case Involves Matters of a Highly Sensitive and Personal Nature." (Reply at 5).</u>

Although plaintiff argues that this case will require a detailed review of a sexual encounter, the police report she offers up indicates that she "is unable to recollect what occurred after her arrival at the hotel." ECF No. 22-3 at 1. It follows that if plaintiff has no recollection of the alleged encounter, then there would be no "detailed discussion of the particular sexual encounter." Reply at 5-6.

2. <u>"Identification Poses a Further Risk of Retaliatory Harm and Psychological Injury." (Reply at 6).</u>

Plaintiff states that "she has legitimate concerns that she would be subject to renewed threats should her name be disclosed." Reply at 8. But she fails to explain *how* disclosure would subject her to "renewed threats." *Id.* In fact, she strenuously argues, without evidence, that Jackson would activate his fan base to attack her here. Plaintiff's Affidavit (ECF No. 22). Yet she provides no evidence of any fan retaliation. In her next breath, she indeed suggests that Jackson has no fan base since he "is widely regarded among many NBA content creators and writers as one of the biggest busts in recent NBA draft history." Reply at 2 (cleaned up).

3. <u>"Plaintiff has kept her Identity Confidential in the Proceedings." (Reply at 11).</u>

Plaintiff's reply fails to address the police report she filed that includes her actual name for the public to see. Additionally, ███████████████████████ On July 10, counsel filed an "emergency" letter-motion claiming that "a small portion of personally identifying information… was inadvertently unredacted." (ECF No. 24). Your Honor granted plaintiff's request to permanently seal the exhibit and directed her to re-file the correctly redacted exhibit. (ECF No. 25). ███████████████████████████████████████████████████████████████████████████████████████ Therefore, plaintiff cannot argue that this factor weighs in her favor, since she herself revealed her identifying information.

4. <u>"There is No Alternative for Protecting Plaintiff's Confidentiality." (Reply at 12).</u>

Plaintiff's counsel claims that the undersigned "ignored" his correspondence, "leaving [p]laintiff with no other option than to file her lawsuit." Reply at 12. This is a gross mischaracterization. There was never any suggestion that plaintiff's counsel would offer to name Jackson as a John Doe. Instead, plaintiff made extortionate demands and implicitly threatened to smear Jackson with the false allegation of sexual misconduct relating to a minor if he did not pay millions of dollars, which is exactly what plaintiff has done in her reply. Plaintiff's conduct in this matter thus far speaks for itself and requires no further explanation as to why Jackson's counsel did not respond to plaintiff's inappropriate conduct.

* * * * *

For these reasons, we respectfully request that Your Honor deny plaintiff's motion for leave to file her case under seal or to proceed pseudonymously. (ECF Nos. 13-14).

Respectfully submitted,

*[signature: John Lauro]*

John F. Lauro

cc:     Counsel of Record (via CM/ECF)