UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOE,

                              **Plaintiff,**

        -against-

JACKSON ET AL.,

                              **Defendants.**

23-cv-04910 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Jane Doe (hereinafter "Plaintiff") brings this action against Defendants Joshua Jackson, Deguene Keita, Fatoumata Keita a/k/a Naomi Keita, Jeoffrey Janvier, and John Doe alleging rape, sexual assault, assault and battery, and intimidation. Plaintiff's Complaint contains eight counts, including two federal claims for violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §1591, §1595 and the Racketeer Influenced and Corrupt Organizations Act ("RICO") and five state claims for, *inter alia*, assault and battery, intentional infliction of emotional distress, and sexual assault/sexual abuse. *See* Compl., ECF No. 1 ¶¶ 107-176. The Court solely addresses Plaintiff's motion to proceed under a pseudonym.

## PROCEDURAL HISTORY

Plaintiff filed the Complaint in this case using a pseudonym rather than her name. *See* Compl. On June 14, 2023, the Court issued an order stating that a summons would not issue until Plaintiff sought leave of Court to proceed under a pseudonym.[1] ECF No. 6. On June 15, 2023,

---

[1] Plaintiff's counsel explains that "there is no specific enumerated manner of filing a lawsuit in federal court pseudonymously" and that this is the first time they "can recall that any federal court has required motion practice *sua sponte* in order to proceed as "Jane" Doe." Reply at 3. Counsel is directed, as they were in the Order dated June 14, 2023, to consult this District's rules for filing a sealed or partially sealed case.

Plaintiff sought such leave.[2] *See* ECF Nos 13-14. In the alternative, Plaintiff moves to seal the Complaint. Defendant Jackson requested permission to file an opposition, which the Court granted. ECF Nos. 12, 15. On June 27, 2023, Defendant Jackson sought leave to file his opposition under seal because a "redacted copy [] in public view" would "render the content unreadable." ECF No. 16. The Court ordered the Defendant to publicly file a redacted version of the opposition and to file under seal a copy of the unredacted opposition with the proposed redactions highlighted. ECF No. 17. The Court explicitly directed Defendant to not publicly reveal the Plaintiff's name before this Court's ruling on the pending motion. *Id*. Defendant filed his opposition and June 28, 2023, ECF Nos. 18, 19[3], and the Court ordered Plaintiff to file a reply, ECF No. 20. Plaintiff filed her reply memorandum, ECF No. 21, and a declaration, ECF No. 22, on July 7, 2023. On July 12, 2023, Defendant Jackson requested permission to file a sur-reply, ECF No. 27. The Court granted this request and Defendant filed his sur-reply on July 17, 2023. ECF Nos. 29-30.[4]

## BACKGROUND

Plaintiff alleges that on the evening of February 13, 2022, Defendant Jackson brutally raped her at a hotel in New York. Compl. ¶¶ 20, 33, 47-53. According to her Complaint, the Plaintiff cried out "No!" but that Defendant Jackson "overpowered Plaintiff and held down both of Plaintiff's

---

[2] Due to clerical errors on Plaintiff's part, Plaintiff has refiled her motion and supporting memorandum at least twice. *See* ECF Nos. 7,8,9,10,13,14. The Court will treat Plaintiff's motion and accompanying memorandum at ECF Nos. 13 and 14 as the operative papers.

[3] ECF No. 18 is the public redacted filing and ECF No. 19 is the sealed filing.

[4] ECF No. 29 is the sealed filing and ECF No. 30 is the public redacted filing.

hands as he . . . raped her." *Id*. ¶¶ 49, 51. Plaintiff alleges that she "fainted, passing out from the trauma, confusion, and horror of the rape." *Id*. ¶ 53.

The following morning the Plaintiff "ran out of the hotel room and left the hotel," bought emergency contraception from the pharmacy and took the train home. *Id*. ¶¶ 67-68. At around 10:03 a.m., Plaintiff alleges that she began receiving "threatening texts from Defendant Janvier falsely accusing her of stealing a watch from Defendant Jackson's room." *Id*. ¶¶ 69-75. Plaintiff also received threatening texts from an unknown number, belonging to Defendant Doe. *Id*. ¶¶ 76-83. Defendant Doe texted "I'M READY TO PULL UP ON U, THIS IS GOING TOO FAR," "YOU FINISHED," and then recited Plaintiff's address in the text message." *Id*. ¶¶ 77-78. Plaintiff alleges that at around 2:00 p.m. that afternoon two, individuals, Defendants Deguene Keita, Fatoumata Keita, broke into her apartment, stated that "Josh Jackson sent us." One of the Defendants grabbed the Plaintiff's phone and ran out of the apartment and was "outside waiting in the running getaway car" while Plaintiff struggled with the second Defendant who was stealing her handbags. *Id*. ¶¶ 84-99. The Plaintiff screamed for help and the apartment building's doorman eventually tackled both Defendants "and pinned them down as approximately 6-7 uniformed NYPD officers arrived at the scene and helped to subdue the intruders and arrested Defendants." *Id*. ¶ 101. Plaintiff reported the incident to the NYPD, reported the rape to the NYPD, and she alleges that she later learned that the two women that broke into her apartment, were acquaintances of Defendant Jackson and that they had seen her at the Super Bowl party the night before where she met Defendant Jackson. *Id*. ¶¶ 103-106.

**DISCUSSION**

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). There is a presumption that a plaintiff will proceed under their own name. *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption.").

The Second Circuit has set forth ten "non-exhaustive" factors that district court should consider in balancing these competing interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. (citing *Sealed Plaintiff*, 537 F.3d at 189-90). The decision whether to allow a party to proceed anonymously is within the sound discretion of the district court. *Sealed Plaintiff*, 537 F.3d at 190; *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

The Court makes no decision as to the merits of this case; it only addresses Plaintiff's application to proceed under a pseudonym. After careful review of the relevant factors, the Court finds that Plaintiff has met her burden of rebutting the presumption that she will proceed under her own name. Plaintiff's motion is **GRANTED.**

### I. Matters of a Highly Sensitive and Personal Nature (*Sealed Plaintiff* Factor One)

The first *Sealed Plaintiff factor* seeks to discern "whether the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190. Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature. *See Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 CIV. 5601 HBP, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) (citing *North Jersey Media Group, Inc. v. Doe Nos. 1-5*, No. 12-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012).

As to the first *Sealed Plaintiff* factor, Defendant argues that Plaintiff's "conclusory assertions" do not support anonymity, that the Plaintiff "offers nothing showing that matters of a sexual nature are particularly sensitive and personal to her," that her complaint reveals "no unique emotional or physical characteristics regarding the encounter," and that Plaintiff's "openness about her sexuality eviscerates any genuine privacy concerns." Def.'s Opp. at 6-7. First, Defendant does not provide any caselaw indicating that a plaintiff alleging rape cannot proceed under a pseudonym simply for being a person who is "open"[5] about sexuality or who is even generally known to the

---

[5] Defendant cites Plaintiff's "openness" because she "regularly posts on social media about intimate matters relating to her sexuality and lustful desires." Def.'s Opp. at 7. Defendant then proceeded to attach several "sexually explicit" images purporting to depict the Plaintiff. *Id.* at 9-11. These images do not aid the Court in its analysis of the first *Sealed Plaintiff* factor and this appears to be, at best, an attempt to argue that people who have a social media presence can never

5

public. Additionally, Defendant mischaracterizes Plaintiff's allegations of rape and sexual assault as merely "matters of sexual nature." Def.'s Opp. at 7. Courts in this district, whether they ultimately grant motions to proceed under a pseudonym, have consistently found that such allegations are inherently "allegations of the most intimate, sensitive, and personal nature," and thus, the first factor typically weighs in favor of pseudonymity under these circumstances. *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022). Further, as discussed below, Plaintiff has "identified circumstances beyond allegations of rape and sexual assault" that ultimately distinguish this case from those that do not identify "additional circumstances of sensitivity" warranting pseudonymity. *Doe v. Juan Gonzales Agency Corp.*, No. 21-CV-00610 (PMH), 2022 WL 3100669, at *2 (S.D.N.Y. Aug. 4, 2022).[6]

Here, Plaintiff claims she was raped, threatened, and fell victim to a home-invasion robbery in connection to the rape. *See* Compl. The Court agrees that "allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quoting *Kolko*, 242 F.R.D. at 195). However, this factor is not dispositive, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020), and courts in this district have "indicated that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (citing *Doe v. Shakur,* 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996); *see also Branca USA, Inc.*, 2022 WL 2713543, at *2 ("A claim by an adult

---

proceed under a pseudonym, and, at worst, a thinly veiled attempt at characterizing Plaintiff as potentially at fault for placing herself in a situation where sexual assault would happen.

[6] In *Doe v. Juan Gonzales Agency Corp.*, the Court found that the first factor weighed against pseudonymity partly because the plaintiff did not identify "additional circumstances of sensitivity."

plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously."). Further, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Abdel-Razeq.*, 2015 WL 7017431, at *3.

### II. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm (*Sealed Plaintiff* Factors Two and Three)

The second *Sealed Plaintiff* factor urges courts to consider "whether identification poses a risk of retaliatory physical or mental harm to the ... party seeing to proceed anonymously ..." *Sealed Plaintiff*, 537 F.3d at 190. The third *Sealed Plaintiff* factor assesses "whether identification presents other harms and the likely severity of those harms ..." *Id*. Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity. *Skyline Automobiles Inc*., 375 F. Supp. 3d at 406 (citing *Michael v. Bloomberg L.P*., No. 14-2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015). However, "[a] risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) from defendant(s)." *Doe v. Townes*, No. 19CV8034ALCOTW, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). Additionally, prior knowledge of a plaintiff's identity by the defendants weighs against granting a motion to proceed anonymously. *See Doe v. United States*, No. 16-7256, 2017 WL 2389701 (S.D.N.Y. June 1, 2017). Some courts have suggested that a plaintiff should submit medical documentation to support the alleged harm they will suffer if they were not permitted to proceed anonymously. *Skyline Automobiles Inc*., 375 F. Supp. 3d at 406.

Plaintiff argues that she "seeks to avoid actual physical and mental harm from potential future acts of harassment, intimidation or worse from the Defendants and their associates" and that she is "concerned about the risk of retaliatory physical harm by Defendant Jackson and his associates

by virtue of the forcible physical nature of the rape and sexual assault, as well as the documented threats against her physical safety by the other Defendants acting at Defendant Jackson's behest." Pl's Mot. at 2-3. She additionally is concerned that she will suffer embarrassment and humiliation in her community. *Id*.

Plaintiff alleges that Defendant Jackson and his co-defendants threatened her and that she was ultimately the victim of a home-invasion robbery. *See* Compl. While Plaintiff's speculative concerns about reputation may not be enough, these past threats and retaliation demonstrate that Plaintiff faces a risk of retaliatory physical harm. The circumstances here distinguish this case from others where courts denied applications to proceed under a pseudonym. Plaintiff's fear of retaliation is more than mere speculation because her Complaint specifically alleges particularized threats, physical assault, and robbery in connection to the alleged rape she suffered. *See c.f. Weinstein*, 484 F. Supp. 3d at 94 (Plaintiff alleged that the Defendant's "tactics include . . . having his associates place threatening phone calls" and the district court reasoned, in part, that speculation as to the possibility of retaliation was insufficient to grant the plaintiff's motion to proceed under a pseudonym). Therefore, factors two and three weigh greatly in favor of Plaintiff's application.

**III. Vulnerability and Age of Plaintiff (*Sealed Plaintiff* Factor Four)**

The fourth Sealed Plaintiff factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff states she is a "young woman" and that revealing her identity would serve to "only enhance the emotional distress for which she is suing" and that she will have to share her story with family and friends. Pl's Mot. at 4. However, Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure. *Skyline*

*Automobiles Inc.*, 375 F. Supp. 3d at 406. "Plaintiff is an adult" and "[s]he was an adult when she allegedly met [the Defendant]." *Weinstein*, 484 F. Supp. 3d at 96. Hence, the fourth factor does not support Plaintiff's request to proceed anonymously.

### IV. Government Action or Private Action (*Sealed Plaintiff* Factor Five)

The fifth factor of *Sealed Plaintiff* is "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. Courts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties. *Weinstein*, 484 F. Supp. 3d at 96 (citing *Townes*, 2020 WL 2395159, at *5). Because the action is challenging the actions of private parties, the fifth factor disfavors Plaintiff's application. *Branca USA, Inc.*, 2022 WL 2713543, at *4; *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. ("Defendants have a substantial interest in maintaining their good name and reputation, particularly in light of the allegations in Plaintiff's Complaint.").

### V. Prejudice to Defendant (*Sealed Plaintiff* Factor Six)

Sixth, courts are to analyze prejudice. *See Sealed Plaintiff*, 537 F.3d at 190. Specifically, "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Id*.

Plaintiff primarily argues Defendant would not suffer any prejudice because Defendant already knows Plaintiff's true identity. Pl's Mot. at 4; Pl's Reply Mem. at 9-11. Defendant, however, cites potential media coverage that would identify him as the Defendant, and he argues that he would suffer reputational damage. Def.'s Opp. at 16-19. Additionally, he argues that he is entitled to have the public assess Plaintiff's credibility and that he will be prejudiced in his ability to eventually call

9

third-party witnesses. *Id*. at 16-17. While it is true that Defendant is "not greatly prejudiced in his ability to conduct discovery" because he knows Plaintiff's name, *Townes*, 2020 WL235159, at *6, the reputational damage risk to the Defendant is high and therefore this factor weighs against Plaintiff's application. *Juan Gonzales Agency Corp.*, 2022 WL 3100669, at *4.

**VI. Status of Confidentiality in the Proceedings (*Sealed Plaintiff* Factor Seven)**

The seventh *Sealed Plaintiff* factor inquires as to the status of a plaintiff's confidentiality thus far in the litigation. *See Sealed Plaintiff*, 537 F.3d at 190. If a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be permitted to proceed under a pseudonym.

However, Plaintiff argues she has kept her identity confidential from the public throughout these proceedings, she has made no public statement about these matters, and her identity has never been reported in the media. Pl's Reply Mem. at 11. Although it is clear from the moving papers that Defendants already know Plaintiff's identity, the Court agrees that Plaintiff has keep her identity confidential from the public as to this case and therefore this factor weighs in Plaintiff's favor.[7]

**VII.   Public Interest in Litigation Furthered by Disclosure and Nature of the Issues (*Sealed Plaintiff* Factors Eight and Nine)**

---

[7] Defendant points to portions of Plaintiff's exhibits that reveal potentially identifying information. The Court will seal these exhibits and provide Plaintiff's counsel an opportunity to correctly redact these exhibits. Plaintiff's counsel is advised that they should be more diligent in protecting the identity of their client, especially considering Plaintiff has moved this Court to proceed under a pseudonym.

Eighth, the Second Circuit directs courts to balance competing interests and determine "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." *Sealed Plaintiff*, 537 F.3d at 190. Subsequently, the ninth factor suggests that if the issues presented are "purely legal in nature," generally "there is an atypically weak public interest in knowing the litigants' identifies." *Id*. Plaintiff argues this is a matter of relatively minimal public impact. Pl's Mot. at 5. However, because "[a]ny analysis and litigation in this case will be factual in nature, and the public interest in sexual assault . . . is very high," these factors weigh against Plaintiff. *Skyline Automobiles Inc.,* 375 F. Supp. 3d at 408.

## VIII. Alternative Mechanisms for Protecting Confidentiality

Finally, in consideration with the previous nine factors, courts are to determine "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff ..." *Sealed Plaintiff,* 537 F.3d at 190. "There are multiple other ways a plaintiff's interests can be protected, including the redaction of documents and sealing. Further, Plaintiff could seek a protective order, or the parties could enter a confidentiality agreement." *Skyline Automobiles Inc*., 375 F. Supp. 3d at 408. The final factor weighs against Plaintiff.

## IX. The Balance of Interests Weighs in Favor of Plaintiff

The Court finds that the balance of interests at stake weigh in favor granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. While the Court does find that several factors weigh against Plaintiff, the Court also finds factors one, two, three, and seven listed above weigh heavily in Plaintiff's favor—particularly because of Plaintiff's

allegations of past particularized retaliation, threats, and physical harms. On balance, Plaintiff has met her burden of rebutting the presumption that she will proceed under her own name. Plaintiff may proceed at this stage under the pseudonym "Jane Doe." "But to be clear, the Court's decision does not resolve the pseudonym issue for all time." *Doe v. Gooding*, No. 20-CV-06569 (PAC), 2022 WL 1104750, at *5 (S.D.N.Y. Apr. 13, 2022). Because the Court recognizes that prejudice to the Defendants may substantially increase as the cases progresses, see generally id. at *7, the Court may revisit this issue at a later stage in the litigation.

## CONCLUSION

In sum, the Court finds that after weighing the factors outlined in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d. Cir. 2008). Plaintiff's motion is **GRANTED**. The Clerk of Court is respectfully directed to issue the requested summons. See ECF Nos. 3-5. The Clerk of the Court is also directed to seal the exhibits at ECF No. 22-3 and 22-5. The Plaintiff is directed to file correctly redacted exhibits on or by October 3, 2023. The open motions at ECF Nos. 7, 9, and 13 are terminated.

**SO ORDERED.**

Dated:   September 29, 2023
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**