# LAURO & SINGER

FLORIDA ⬥ NEW YORK ⬥ WASHINGTON, DC

**FLORIDA**
400 N. Tampa Street
15th Floor
Tampa, Florida 33602
P. 813.222.8990
F. 813.222.8991

**NEW YORK**
250 E. 53rd Street
Suite 1701
New York, New York 10022
P. 646.746.8659

**WASHINGTON, DC**
1717 Pennsylvania Avenue NW
Suite 1025
Washington, DC 20006
P. 813.222.8990

WWW.LAUROSINGER.COM

**VIA ELECTRONIC FILING (CM/ECF)**

March 23, 2026

Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007

RE: *Doe v. Jackson et al.*, Case No. 1:2...

> The Court is in receipt of the Parties' intent to mutually dismiss the claims. Dismissal notwithstanding, the Court will retain jurisdiction to enforce the sanctions order.
> SO ORDERED.
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> UNITED STATES MAGISTRATE JUDGE
> March 24, 2026

Dear Judge Willis:

We represent Defendant Joshua Jackson in connection with the above-referenced matter. On September 9, 2025, the parties appeared before the Court to address a series of discovery violations, as discussed in Defendants' letter motions, filed at ECF Nos. 85 and 86 (the "Discovery Conference"). At the conclusion of that hearing, the Court issued an order granting Defendant's request for sanctions (the "Sanctions Order"). A transcript of the Discovery Conference has been ordered and filed at ECF No. 93.

The parties now intend to mutually dismiss their respective claims. However, prior to seeking dismissal of our respective claims, the parties jointly request this Court issue an order expressly retaining jurisdiction to enforce the Sanctions Order, including the determination and payment of sanctions under that order. *See, e.g. Jones v. Haynes*, 24-CV-7098 (VM), 2025 WL 1127183, at *2 (S.D.N.Y. April 16, 2025) ("Courts regularly retain jurisdiction after voluntary dismissal to adjudicate motions for sanctions . . .")

In this Circuit, notwithstanding the dismissal of a party's claims, the Court "retains jurisdiction over collateral issues such as sanctions." *Rice v. NBCUniversal Media, LLC*, 19-CV-447 (JMF), 2019 WL 3000808, at *4 (S.D.N.Y. July 10, 2019); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal"); *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (holding that "voluntary dismissal of a complaint ... does not preclude the district court from considering collateral issues such as sanctions"); *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003) ("Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters[.]").

Out of an abundance of caution, the parties jointly request the Court issue an order clarifying that, notwithstanding the forthcoming voluntary dismissal of each party's respective claims, the Court will retain jurisdiction to enforce

sanctions discussed in the Sanctions Order, including the determination and payment of sanctions under the order.

The parties do not expect this period to be a prolonged period, as Defendant has filed an unopposed motion concerning the sanctions amount concurrent with this motion.

Respectfully submitted,

Gregory M. Singer
Admitted Florida

cc:    Counsel of Record (via CM/ECF)

**Counsel for Plaintiff:**

/s/ J. John Bral
J. John Bral, Esq.
Derek Smith Law Group