UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JANE DOE,

                                Plaintiff,                  **ORDER**

                -against-             **23-CV-4910 (ALC) (JW)**

JOSHUA JACKSON, et. al.,

                           Defendants.

-------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On September 9, 2025, this Court granted Defendant's motion for sanctions at a discovery conference.  Dkt. No. 92.  The Court ordered Defendant to submit a letter motion detailing their reasonable fees as a result of prosecuting the discovery motion for which sanctions were granted.  Id.  On March 23, 2026 Defendant filed a letter motion requesting a sanctions amount of $10,000 to be split evenly between Plaintiff's former counsel Mark Taylor ("Taylor") and Plaintiff's retained law firm Derek Smith Law Group, PLLC ("DSLG"). Dkt. No. 95. Both former and current counsel do not oppose the motion.  Id.  For the reasons stated below, Defendant's motion for sanctions in the amount of $10,000 to be split between Taylor and DSLG is **GRANTED**.

## BACKGROUND

On August 14, 2025, Defendant filed a letter motion requesting a discovery conference to address "Plaintiff's failure to participate in discovery," because Plaintiff had "missed every single deadline in the Case Management Plan."  Dkt.

No. 85.  On August 21, 2025 this Court granted Defendant's motion for a discovery conference, which was held on September 9, 2025.  Dkt. Nos. 87, 92.  At the discovery conference the Court "found there was no good cause for Plaintiff's failure to timely object to Defendants' discovery request," and that "Plaintiff has waived objections to Defendants' discovery requests," and ordered Plaintiff to respond to discovery requests by October 3, 2025.  Dkt. No. 92. The Court also granted Defendant's motion for sanctions and ordered Defendant to file a letter motion requesting reasonable attorney's fees. Id.

## DISCUSSION

To quantify the "presumptively reasonable fee" in prosecuting Defendant's discovery motion a district court multiplies the relevant attorneys' reasonable hours spent on compensable tasks by a reasonable hourly rate for the services performed." Charestown Capital Advisors, LLC v. Acero Junction Inc., No. 18 Civ. 4437 (JGK) (BCM) 2021 WL 1549916, at *2 (S.D.N.Y. Apr. 20, 2021) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

First, the Court must determine "the reasonable hourly rate for each timekeeper for whom fees are sought." DoubleLine Capital LP v. Odebrecht Finance, Ltd., No. 17 Civ. 4576 (GHW) (BCM), 2023 WL 2870484, at *2 (S.D.N.Y. Apr. 10, 2023) (quoting Karsch v. Blink Health Ltd., No. 17 Civ. 3880 (VM) (BCM), 2019 WL 6998563, at *2 (S.D.N.Y. Dec. 20, 2019)).  The court my consider "the complexity of the case, the prevailing rates in similar cases in the district, and the quality of

representation." Id. (quoting Pasini v. Godiva Chocolatier, Inc., 764 F.App'x 94, 95 (2d Cir. 2019) (summary order)).

Second, the court analyzes the number of hours expended to multiply the hours spent by the hourly rate. Id. at *5. Hours that are "excessive, redundant, or otherwise unnecessary" may be excluded from an attorneys' fee award. Infinity Headwear & Apparel v. Jay Franco & Sons, No. 15 Civ. 1259 (JPO) (RLE), 2016 WL 6962541, at *5 (S.D.N.Y. Nov. 28, 2016) (internal citations omitted).

Here, the amount of $10,000 is reasonable. The fee requested is substantially lower than the time entries billed related to the prosecution of the discovery motion. Defendant's fee statement indicates Defendant paid counsel $23,318.00 and received a $20,000 professional discount for the work associated with prosecuting the discovery motion. Dkt. No. 95-1. The two attorneys who prosecuted the discovery motion for Defendant, Gregory Singer ("Singer") and Justin F. Song ("Song"), charge $450 per hour and $400 per hour. Dkt. No. 97-1. Singer is a Senior Partner at the Florida office of Lauro & Singer and Song is a Partner at the Washington, D.C. office. Both hourly rates are commensurate with the rates of comparable attorneys in the jurisdictions where Singer and Song practice. Id. The work required to prosecute the motion included drafting objections to Plaintiffs, drafting a letter motion for a discovery conference, reviewing the Court's individual rules and the local rules, drafting and filing a second letter motion, legal research, and preparing for the discovery conference. Dkt. No. 95-1.

Given the work required to prosecute the discovery motion and the hourly fee of Singer and Song, the fee request of $10,000 is reasonable, the request is **GRANTED**. Accordingly, Taylor and DSLG are to pay $10,000, split evenly, to Defendants within 30 days of this Order.

The Clerk of Court is respectfully requested to close Dkt. Nos. 95 and 97.

SO ORDERED.

DATED:     New York, New York
           April 1, 2026

                                        _Jennifer E. Willis_
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge

4